IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
at KANSAS CITY

| | | |
|---|---|---|
| SBSS HOLDINGS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| ERUCES, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | *Jury Trial Demanded* |
| BASSAM KHULUSI | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SAM KHULUSI | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR DAMAGES

Come now Plaintiff, individually and on behalf of all others similarly situated, and for their claims against defendants, state and allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff SBSS Holdings, LLC ("SBSS") is, and at all pertinent times herein was, a business registered in the state of California. It is, and at all times pertinent herein was, the owner of series common and preferred stock of defendant Eruces, Inc. ("Eruces").

2. Defendant Eruces is a foreign for-profit corporation registered and licensed to do business in Kansas, with its principal place of business at 11142 Thompson Avenue, Lenexa, Kansas. Defendant Eruces purports to be a developer of software that provides data security for businesses.

3. Defendant Bassam Khulusi is a founder and the President and Chief Executive Officer of Eruces. On information and belief, he is, and at all pertinent times

herein was, a resident of Kansas.  At all pertinent times, he was acting individually and within the course and scope of his agency and/or employment with Eruces, Inc. as well as an agent of Defendant Sam Khulusi.

4. Defendant Sam Khulusi is or was secretary and a director of Eruces, and is a founder and the President and CEO of PC Mall, Inc.  On information and belief, he is a resident of California.  At all pertinent times alleged herein, he acted individually and within the course and scope of his agency and/or employment with Eruces as well as an agent of defendant Bassam Khulusi. He individually and/or through his agents referenced herein purposely availed himself of the rights, benefits and laws of the state of Kansas and subjected himself to the jurisdiction of this Court by the conduct alleged in this Complaint.

5. Jurisdiction is appropriate in this Court pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.  Claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder by the SEC, including Rule 10b-5 (17 CFR § 240.10b-5).  Subject matter jurisdiction also exists over the related state law claims set forth herein pursuant to 28 U.S.C. § 1367.

6. Defendants are subject to personal jurisdiction in this Court because they personally, and by the actions and omissions of their agents, performed the wrongful acts which give rise to these claims in Kansas.

7. Venue is proper in this judicial district pursuant to the Exchange Act and 28 U.S.C. § 1391(b), because many of the acts and omissions which form the basis of these claims occurred in this judicial district.  Further, Eruces maintains its principal place of business within this judicial district, and defendant Bassam Khulusi resides within this judicial district.

2

## BACKGROUND FACTS

8. Eruces was founded in or around 1999, by Bassam Khulusi and others in his family.

9. Thereafter, in an effort to generate capital funds, Sam Khulusi and others began to solicit capital investments in the business from private individuals. These solicitations were commonly made through in-person meetings with the targeted potential investor.

10. Sam Khulusi and others solicited and obtained capital investment in Eruces by convincing individuals to purchase preferred and common stock in Eruces, as well as by convincing certain individuals to loan the company funds in exchange for receipt of convertible debentures, on which Eruces was the obligor.

11. In connection with these capital solicitations, Sam and Bassam Khulusi, and others at their directions, routinely and repeatedly made representations to Plaintiff and others about material facts, including but not limited to Eruces' financial health, corporate intentions and business prospects which they knew were false, including:

   a. That Eruces had an imminent deal with IBM by which IBM would purchase all or substantially all of the assets of Eruces at a substantial profit to the stockholders;

   b. That Eruces had an imminent deal with Cisco by which Cisco would purchase all or substantially all of the assets of Eruces at a substantial profit to the stockholders;

   c. That IBM, Cisco and companies of similar stature had entered into confidentiality agreements with Eruces enabling the companies to perform

3

the requisite due diligence on Eruces in connection with the imminent purchase of Eruces' stock;

d.   That Eruces had an imminent deal with the United States Department of Defense by which the Department of Defense was going to commit a substantial amount of financial resources to the purchase of Eruces' software and product support;

e.   That Eruces has a confidentiality agreement with the United States government that limits the information about Eruces' business operations and finances that Eruces can provide to its shareholders;

f.   That a sale of Eruces assets at a substantial profit was imminent;

g.   That monies invested would be used to support Eruces' business operations and to support and grow Eruces as a company;

h.   That the investment in Eruces was safe and was backed by the Khulusi family; and

i.   Other fraudulent misrepresentations that will be learned through discovery.

12.   These misrepresentations were made separately and independently, on numerous occasions, by Sam and Bassam Khulusi, and other Eruces agents/employees at their direction, and they intended for Plaintiff and others to rely on their representations when considering investment in Eruces.

13.   Defendants Bassam Khulusi and Sam Khulusi took portions of the capital that was invested in Eruces by Plaintiff, whether by way of preferred or common stock purchase or convertible debenture, and from time to time would transfer those funds to PC

4

Mall, Inc., in an effort to inflate PC Mall's financial reports, rather that use the capital to support Eruces' business operations as they represented would be done in their solicitations.

14. Eruces' business has dwindled over time, and today Eruces stands in default on most, if not all, of the convertible debentures, and Plaintiff and the other holders of Eruces preferred and common stock are unlikely to receive any return on their investment.

15. Defendants never intended to utilize the capital raised in their solicitations described above to support and/or grow Eruces' business operations; rather, they intended and did use those funds to support themselves personally and to support the Khulusi family's other business operations, including PC Mall.

16. Defendants had motive to fraudulently induce Plaintiff's investment in Eruces because defendants intended to use the invested monies from Plaintiff for their own personal benefit, to provide capital which would have otherwise been unavailable to pay their own wages, and to support other Khulusi family interests, including but not limited to PC Mall, Inc., and defendants knew that if Plaintiff were provided with all true, accurate and complete information about Eruces' financial condition and business prospects, Plaintiff would not invest in Eruces.

17. Defendants had opportunity to fraudulently induce Plaintiff's investment in Eruces because they were corporate officers, directors, and insiders with access to all inside information regarding Eruces' finances and business operations and prospects, and because they were personally involved in the solicitation of private equity investments from Plaintiff.

18. Defendants' misrepresentations were knowing and/or reckless, in that defendants had actual knowledge of the truth of the matters represented and possessed all information that would establish the truth or falsity of all matters pertaining to Eruces' finances and business operations and prospects, yet defendants misrepresented this

5

information in an effort to generate private equity investments from Plaintiff in the form of stock purchases.

19.    The frauds, misrepresentations and material omissions described herein continued over time and continues to this day.  It was only recently discovered by Plaintiff.  For these reasons, this action is filed timely and is not barred by any applicable statute of limitation.

## COUNT I
## VIOLATION OF § 10(b) OF THE EXCHANGE ACT

20.    Plaintiff incorporates herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

21.    Defendants, individually and in concert, engaged in a common plan, scheme, and course of conduct described above, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and a course of conduct which operated as a fraud on Plaintiff, and made various false statements of material facts and omitted material facts in their communications to Plaintiff.

22.    Defendants Sam and Bassam Khulusi, as executive officers and/or directors of Eruces, had actual knowledge of the falsity of the material statements described above, and intended to deceive Plaintiff or, in the alternative, acted with reckless disregard for the truth by failing to ascertain and disclose the true facts in the statements made by them as part of their solicitations of Plaintiff as described above.

23.    The facts alleged herein compel a strong inference that the defendants made material false and misleading statements to Plaintiff with scienter, in that defendants knew the statements they made as described above were materially false and misleading, and they knowingly and substantially participated or acquiesced in such statements as primary violators of the federal securities laws.

24. In ignorance of the falsity of the reports and statements made by defendants, and defendants' deceptive and manipulative devices and contrivances, Plaintiff reasonably relied, to its detriment, on defendants' statements and representations described above in making their investments in Eruces, by way of stock purchases.

25. Had Plaintiff known of the material misstatements and misrepresentations of defendants described above, it would not have made the investments in Eruces that it did.

26. As a direct and proximate result of the wrongful conduct alleged herein, Plaintiff has suffered damages in an amount to be established at trial.

27. By reason of the foregoing, defendants have violated § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and are liable to Plaintiff for the substantial damages they suffered in connection with its investment in Eruces.

## COUNT II
## VIOLATION OF THE KANSAS
## UNIFORM SECURITIES ACT, K.S.A. § 17-12A501

28. Plaintiff incorporates herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

29. As set forth herein, defendants directly or indirectly, knowingly or recklessly, by use of the means or instrumentality of interstate commerce, or of the mails, or of the facilities of a national security exchange in connection with the purchase or sale of securities: (a) have employed schemes and artifices to defraud Plaintiff and others; (b) have made untrue statements of material fact, and have omitted and failed to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and (c) have engaged in transactions, acts, practices and courses of business which operated or would operate as a fraud or deceit upon purchasers of securities.

30. Defendants repeatedly made false statements to Plaintiff about material facts, including but not limited to Eruces' financial health, corporate intentions and business prospects which they knew were false, including:

a. That Eruces had an imminent deal with IBM by which IBM would purchase all or substantially all of the assets of Eruces at a substantial profit to the stockholders;

b. That Eruces had an imminent deal with Cisco by which Cisco would purchase all or substantially all of the assets of Eruces at a substantial profit to the stockholders;

c. That IBM, Cisco and companies of similar stature had entered into confidentiality agreements with Eruces enabling the companies to perform the requisite due diligence on Eruces in connection with the imminent purchase of Eruces' stock;

d. That Eruces had an imminent deal with the United States Department of Defense by which the Department of Defense was going to commit a substantial amount of financial resources to the purchase of Eruces' software and product support;

e. That Eruces has a confidentiality agreement with the United States government that limits the information about Eruces' business operations and finances that Eruces can provide to its shareholders;

f. That a sale of Eruces assets at a substantial profit was imminent;

g. That monies invested would be used to support Eruces' business operations and to support and grow Eruces as a company;

8

        h.      That the investment in Eruces was safe and was backed by the Khulusi family; and

        i.      Other fraudulent misrepresentations that will be learned through discovery.

31.    Defendants acted with either a conscious intent to defraud Plaintiff or a high degree of recklessness in making these false representations.

32.    The facts described in detail above demonstrate a strong inference of defendants' wrongful state of mind or high degree of recklessness in misrepresenting the truth of the matter in order to induce Plaintiff's investment in Eruces.

33.    Defendants benefitted as alleged above, including but not limited to the ways described in paragraphs 8-19.

34.    Plaintiff decisions to invest in Eruces stock and debentures were made as a result of defendants' false and misleading statements discussed in detail above.

35.    Plaintiff relied on the misrepresentations and deception discussed above in investing in Eruces stock and debentures.

36.    As a direct and proximate result of defendants' misrepresentations and actions, Plaintiff has suffered a severe economic loss by investing money into a failing company which is in default on its obligations to its investors and others.

37.    By reason of the foregoing, defendants, directly or indirectly, have violated K.S.A. §17-12a501.

## COUNT III
## FRAUD

38.    Plaintiff incorporates herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

39. As set forth in detail above and specifically incorporated herein by reference, Defendants made false and blatant misrepresentations to Plaintiff, and withheld and remained silent about material information in their communications with Plaintiff.

40. These false representations and withheld material information concerned Eruces' financial condition, business operations and business prospects.

41. These false representations and withheld material information further concerned Eruces' intended use of the invested funds, and specifically that the funds would be utilized to support Eruces' business operations. At no time did defendants inform Plaintiff that the invested funds, or portions of them, would be utilized to support the finances and/or business operations of other Khulusi family interests, such as PC Mall, Inc.

42. Each and every one of these representations was false.

43. Even though Defendants knew that their representations were false at the time that the representations were made, and that the information they supplied was incomplete and lacking material, adverse information, Defendants intended for Plaintiff to rely upon the representations and the incomplete information.

44. The representations made and incomplete information provided by defendants was material to Plaintiff's decision to invest in Eruces, both by preferred and common stock ownership and by debenture investment.

45. Plaintiff did not know, nor could it discover, that defendants' statements were false and incomplete.

46. Plaintiff justifiably relied upon defendants' misrepresentations and incomplete information.

47. Defendants' actions were done in a willful, deliberate, wanton, and malicious manner and without regard to the truth or falsity of its statements and actions.

48. As a result of defendants' actions, Plaintiff has been severely damaged in a significant amount to be determined at trial.

## COUNT IV
## BREACH OF FIDUCIARY DUTY
*(Defendants Bassam Khulusi and Sam Khulusi)*

49. Plaintiff incorporates herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

50. Defendants Bassam Khulusi and Sam Khulusi are, and were at all pertinent times, officers and directors of defendant Eruces, Inc.

51. As officers and directors of the company, these defendants owed Plaintiff a strict and high fiduciary duty to act in the best interests of Eruces, Inc. and Plaintiff as shareholder.

52. These defendants knowingly and intentionally breached their fiduciary duties by their conduct described above.

53. Defendants' actions were done in a willful, deliberate, wanton, and malicious manner.

54. As a result of defendants' actions, Plaintiff has been severely damaged in a significant amount to be determined at trial.

## COUNT V
## TORTIOUS INTERFERENCE
*(Defendants Bassam Khulusi and Sam Khulusi)*

55. Plaintiff incorporates herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

56. Plaintiff had an existing contractual relationship with Eruces, Inc., as well as a prospective business advantage or relationship.

57.     Defendants Bassam Khulusi and Sam Khulusi knew of these existing and prospective contractual and business relationships.

58.     These defendants intentionally and without justification interfered with these existing and prospective contractual and business relationships by their acts and omissions as described herein and above.

59.     But for these defendants' intentional interference with these existing and prospective contractual and business relationships, Plaintiff was reasonably certain to have continued in these existing and prospective contractual and business relationships and to have realized the economic benefit expected of these relationships.

60.     Defendants' actions were done in a willful, deliberate, wanton, and malicious manner.

61.     As a result of defendants' actions, Plaintiff has been severely damaged in a significant amount to be determined at trial.

## COUNT VI
## CIVIL CONSPIRACY
### *(Defendants Bassam Khulusi and Sam Khulusi)*

62.     Plaintiff incorporates herein by reference, as if fully stated herein, the contents of all preceding paragraphs.

63.     Defendants Bassam Khulusi and Sam Khulusi conspired together to perpetrate the fraud on Plaintiff, to commit the tortious interference with Plaintiff's business relationships and expectancies, and to commit the breach of fiduciary duty, all as described above.

64.     There was a meeting of the minds among these defendants to perpetrate this fraudulent scheme, tortious interference and breach of fiduciary duty in order obtain funds to benefit them personally and to benefit other Khulusi family businesses.

65. In furtherance of their conspiracies, these defendants perpetrated the fraudulent scheme, tortuous interference and breach of fiduciary duty described above.

66. These conspiracies, and Defendants' actions in furtherance of these conspiracies, were done in a willful, deliberate, wanton, and malicious manner.

67. As a result of defendants' conspiracies and actions in furtherance of these conspiracies, Plaintiff has been severely damaged in a significant amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against defendants as follows:

a. A determination that the defendants violated the federal and state securities laws and committed breach of contract, fraud, breach of fiduciary duty, tortious interference and civil conspiracy by reason of their conduct alleged herein;

b. An award of compensatory and exemplary or punitive monetary damages against all of the defendants;

c. An award to Plaintiff of the costs, expenses and disbursements incurred in prosecuting this action, including reasonable attorneys' fees and other recoverable expenses of litigation; and

d. An award to Plaintiff of such other and further relief as the Court may deem just and proper under the circumstances.

## JURY TRIAL DEMAND

A trial by jury on all issues triable by jury is hereby demanded.

## DESIGNATION OF PLACE OF TRIAL

Kansas City is hereby designated as the place of trial.

*Respectfully submitted by,*

**PROTZMAN LAW FIRM, LLC**


/s/ Andrew B. Protzman
Andrew B. Protzman, KS No. 18015
1100 Main Street
Suite 2550
Kansas City, Missouri 64105
(816) 421-5100
(816) 421-5105
andy@protzmanlaw.com

*Attorneys for Plaintiff*